IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REBEKAH FRAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-1808-SRF |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM OPINION**[1]

I.  **INTRODUCTION**

Plaintiff Rebekah Frampton ("Frampton") filed this action on September 26, 2019 against defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner").  (D.I. 1)  Frampton seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's August 1, 2018 final decision, denying Frampton's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–434 and §§ 1381–1383f.  (D.I. 17)  The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Currently before the court are cross-motions for summary judgment filed by Frampton and the Commissioner.[2]  (D.I. 16; D.I. 20)  Frampton first argues that the court should remand

---

[1] The parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment, and the case was assigned to the undersigned judicial officer on January 6, 2020.  (D.I. 13; D.I. 14)

[2] The briefing for the present motions is as follows:  Frampton's opening brief (D.I. 17) and the Commissioner's combined opening brief in support of his motion for summary judgment and answering brief (D.I. 19).  The Commissioner's cross-motion for summary judgment and his brief in support of that summary judgment motion (D.I. 19; D.I. 20) are mislabeled on the docket: D.I. 19 is the brief in support of the Commissioner's cross-motion for summary

her case for further administrative proceedings because the ALJ's RFC determination was, for various reasons, contrary to law and unsupported by substantial evidence. (D.I. 17; D.I. 21) In the alternative, Frampton argues that the ALJ who presided over her case and denied her claims for DIB and SSI was not properly appointed and, therefore, requests that the court remand her case based on the Third Circuit's decision in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). (D.I. 21) In response, the Commissioner argues that Frampton forfeited her ability to challenge whether the ALJ was properly appointed by failing to raise the issue in her opening brief and asks the court to affirm the ALJ's decision. (D.I. 22; D.I. 19 at 21)

For the reasons set forth below, the court will GRANT Frampton's request for remand in the alternative based on *Cirko* (D.I. 21), VACATE the final decision of the Commissioner denying Frampton's claims, and REMAND Frampton's case to the Commissioner for a new hearing before a constitutionally appointed ALJ other than the ALJ who presided over Frampton's first hearing.

**II.   BACKGROUND**

Frampton filed both her DIB application and her SSI application on July 14, 2015.[3] (D.I 9-3 at 5; D.I. 9-6 at 2, 11) In both applications, Frampton claimed a disability onset date of June 1, 2014. (D.I. 9-3 at 5; D.I. 9-6 at 2, 11) Her claims were initially denied on December 28, 2015, and were denied again after reconsideration on April 14, 2016. (D.I. 9-3 at 5; D.I. 9-5 at 4, 13) Frampton then filed a request for a hearing, which occurred on March 19, 2018. (D.I. 9-3 at 31; D.I. 9-5 at 38)

---

judgment, which is D.I. 20. Frampton also filed a notice of supplemental authority (D.I. 21), to which the Commission responded (D.I. 22).

[3] The ALJ noted that Frampton filed her DIB and SSI applications on June 9, 2015, but the applications are dated July 14, 2015. (D.I. 9-3 at 5; D.I. 9-6 at 2, 11)

2

On June 21, 2018, the Supreme Court issued its opinion in *Lucia v. SEC*, holding that the Securities and Exchange Commission's ALJs are officers of the United States and, therefore, must be appointed consistent with the Appointments Clause of the Constitution. *Lucia v. SEC*, 138 S. Ct. 2044, 2051–56 (2018); *see also* U.S. Const. art. II, § 2, cl. 2.[4] In response to *Lucia* and in light of an executive order concluding that "at least some—perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause," Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 10, 2018), the Acting Commissioner of the SSA conceded this premise and appointed the SSA's ALJs under her own authority on July 16, 2018. *See* Soc. Sec. Admin., EM-18003 REV 2: *Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process* (effective date August 6, 2018).

On August 1, 2018, ALJ NaKeisha Blount (the "ALJ") issued an unfavorable decision, finding that Frampton was not disabled under the Act. (D.I. 9-3 at 21)  The Appeals Council subsequently denied Frampton's request for review on August 13, 2019, rendering the ALJ's decision the final decision of the Commissioner. (D.I. 9-2 at 5–9)  On September 26, 2019, Frampton filed a civil action in this court challenging the ALJ's opinion. (D.I. 1)  On January

---

[4] The Appointments Clause states:

> [A]nd [the President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and *all other Officers of the United States*, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, *or in the Heads of Departments*.

U.S. Const. art. II, § 2, cl. 2 (emphasis added).

3

23, 2020, the Third Circuit issued its opinion in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020).  In *Cirko*, the Third Circuit held that "exhaustion of Appointments Clause claims is not required in the SSA context" and remanded the cases to the SSA "for new hearings before constitutionally appointed ALJs other than those who presided over [the claimants'] first hearings." *Id.* at 153, 159–60.

On March 11, 2020, Frampton filed her motion for summary judgment and an opening brief in support of her motion, neither of which raised an Appointments Clause argument or otherwise cited *Cirko* or *Lucia*.  (D.I. 16; D.I. 17)  On June 10, 2020, the Commissioner filed his cross-motion for summary judgment and brief in support thereof.  (D.I. 19; D.I. 20)  On July 16, 2020, Frampton filed a notice of supplemental authority asking this court to remand her case based on the Third Circuit's decision in *Cirko*.  (D.I. 21)  On July 20, 2020, the Commissioner filed a response to Frampton's notice of supplemental authority opposing remand.  (D.I. 22)

### III.    DISCUSSION

In her notice of supplemental authority, Frampton argues the court should remand this case to the SSA in light of *Cirko* because the ALJ who presided over Frampton's March 19, 2018 hearing was not properly appointed until after the hearing.  (D.I. 21 at 4)  The Commissioner does not dispute that the ALJ who presided over Frampton's March 19, 2018 hearing was not properly appointed.  (D.I. 22)  Instead, the Commissioner argues that Frampton forfeited any Appointments Clause challenge by failing to raise it in her opening brief.  (*Id.* at 2–7)  Frampton anticipated the Commissioner's forfeiture argument and argues that the court may exercise its discretion to excuse forfeiture and, under the circumstances presented, should do so.  (D.I. 21 at 4, 6–10)

4

"Forfeiture is the 'failure to make the timely assertion of a right.'"  *Robinson v. First State Cmty. Action Agency*, 920 F.3d 182, 187 (3d Cir. 2019) (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017)).  For example, forfeiture occurs when a party "inadvertent[ly] fail[s] to raise an argument" in an opening brief on appeal.  *Barna*, 877 F. 3d at 147 (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)).  In general, appellate courts do not address forfeited issues "absent truly 'exceptional circumstances.'"  *Id.* (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001)).  Such "exceptional circumstances" may exist where there is "uncertainty" or an "intervening change in the law."  *See id.* (citing *Flynn v. Comm'r of I.R.S.*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001)).  The Third Circuit has "been slightly less reluctant to bar consideration of a forfeited pure question of law," particularly "where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance."  *Id.* (internal citations and quotations omitted).

The Commissioner argues that there are several reasons why this case lacks the "exceptional circumstances" that would justify this court's excusing Frampton's failure to raise an Appointments Clause challenge in her opening brief.  (D.I. 22 at 4–7)  For example, the Commissioner argues: (1) excusing Frampton's forfeiture will result in "an inefficient allocation of resources" because the parties have spent time and resources briefing issues that the court would never consider if it addresses the merits of her Appointments Clause challenge; and (2) declining to excuse Frampton's forfeiture would not be "fundamentally unfair" because Frampton failed to raise an Appointments Clause challenge despite having the opportunity to do so during the administrative process, in her district court complaint, and in her opening brief.  (*Id.* at 5–6)  The Commissioner has raised these exact arguments in our sister district courts

5

without success.[5]  *See, e.g.*, *Troxell v. Comm'r of Soc. Sec. Admin.*, 2020 WL 3958274 (E.D. Pa. July 13, 2020); *Grant for A.D. v. Saul*, 2020 WL 1531664, at *2 (E.D. Pa. Mar. 31, 2020) ("*Grant II*"); *Grant v. Saul*, 2020 WL 977323, at *2, 4 (E.D. Pa. Feb. 28, 2020) (*Grant I*).  The court finds the Commissioner's arguments equally unavailing here.  Litigants frequently spend time and resources briefing issues that courts do not consider as a result of being foreclosed by other arguments, even when no forfeiture occurs.  *Grant II*, 2020 WL 1531664, at *2.  In addition, the court acknowledges that exercising its discretion to excuse Frampton's forfeiture may absolve Frampton's "attorney's failure to raise an issue." *Id.*  However, these risks exist "in any case involving forfeiture," and the Commissioner has failed to explain why such risks "should overcome the strong constitutional interests at play."[6]  *Id.*

The need to protect Frampton's individual right to a hearing before a duly appointed ALJ is especially acute where, as here, Frampton's "'physical condition and dependency on the disability benefits' are at issue."  *Cirko*, 948 F.3d at 157 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976)).  Ignoring Frampton's Appointments Clause claim "would be refusing to

---

[5] The Commissioner did not respond to, discuss, or reference any of the district court cases cited by Frampton within the Third Circuit.  (D.I. 22)  As Frampton argues, other courts have found that a plaintiff's failure to raise an Appointments Clause challenge in district court pre-*Cirko*, which still could have been raised under *Lucia*, did not result in forfeiture.  *See, e.g.*, *Hiben v. Saul*, 2020 WL 2571895, at *2 (W.D. Pa. May 20, 2020) (remanding a case to the SSA after excusing the plaintiff's forfeiture where plaintiff's opening brief, although filed before *Cirko*, did not raised any Appointments Clause issues and where the court sought supplemental briefing as to the impact of *Cirko*); *Lenz v. Saul*, 2020 WL 2571902, at *2–3 (W.D. Pa. May 20, 2020) (same); *Schaffer v. Saul*, 2020 WL 2526938, at *3 (W.D. Pa. May 18, 2020) (holding that the court has discretion to consider the Appointments Clause issue despite the plaintiff's failure to raise it in her motion for summary judgment).

[6] The Supreme Court has permitted Appointments Clause challenges to be raised for the first time in a supplemental brief.  *See Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962) (describing *Lamar v. United States*, 241 U.S. 103 (1916)).  Moreover, the Commissioner advances no basis for this court to distinguish supplemental briefing supplied by a party from supplemental briefing ordered by a judge.  *Cf. Grant II*, 2020 WL 1531664, at *2 (deciding an Appointments Clause issue when supplemental briefing on the issue was ordered by the magistrate judge *sua sponte*).

vindicate these important interests which have counseled in favor of review of Appointments Clause challenges on the merits both in the Third Circuit and in the Supreme Court." *Grant II*, 2020 WL 1531664, at *2; *see also Freytag v. Comm'r*, 501 U.S. 868, 878–79 (1991) (stating that "Appointments Clause objections to judicial officers" are in the category of "constitutional objections that could be considered on appeal whether or not they were ruled upon below"); *Cirko*, 948 F.3d at 155 (reasoning that, "given their importance to separation of powers and, ultimately, individual liberty," Appointments Clause challenges "are claims for which a hearing on the merits is favored"). By contrast, the Commissioner has been actively litigating this identical Appointments Clause issue for more than two years in social security disability cases, culminating in the *Cirko* decision. *Troxell*, 2020 WL 3958274, at *4. As such, there is no unfair prejudice or surprise to the Commissioner. *See id.*

In addition, it is undisputed that when Frampton filed her motion for summary judgment and opening brief in support thereof there was a motion pending for a rehearing *en banc* in *Cirko*. (D.I. 21 at 6; D.I. 22) Even after *Cirko*, one court noted that "the overwhelming majority of courts" that had considered the exhaustion of Appointments Clause argument had "held that Appointments Clause challenges must be exhausted at the administrative level," directly contradicting the *Cirko* decision. *Blaney v. Berryhill*, 2020 WL 1545825, at *10 (D. Mass. Mar. 31, 2020) (collecting cases). Accordingly, the court finds that *Cirko* presented an "intervening change in the law" such that failing to excuse Frampton's forfeiture would result in a miscarriage of justice. *See Barna*, 877 F. 3d at 147 (citing *Flynn v. Comm'r of I.R.S.*, 269 F.3d 1064, 1068–69 (D.C. Cir. 2001)); *Grant II*, 2020 WL 1531664, at *1.

Moreover, since *Cirko* was issued, numerous district courts within the Third Circuit have concluded that "a plaintiff's failure to raise an Appointments Clause challenge in a request for

7

review of a social security ruling filed pre-*Cirko* did not result in forfeiture of that issue." *Troxell*, 2020 WL 3958274, at *4 (collecting cases). "As such, the public perception of fairness demands consistency in this case." *See id.*; *see also Grant II*, 2020 WL 1531664, at *2  Thus, the court will exercise its discretion to excuse Frampton's forfeiture of her Appointments Clause challenge and order that this case be remanded. *See Barna*, 877 F.3d at 147 (noting that courts "have been slightly less reluctant to bar consideration of a forfeited pure question of law") (citing *Hormel*, 312 U.S. at 557); *Grant II*, 2020 WL 1531664 ("The Appointments Clause issue raised in this case is purely legal, and refusing to reach this issue would result in a miscarriage of justice.").

The Commissioner also argues that *Cirko* does not warrant remand because it rejected the applicability of the exhaustion requirement only for SSA proceedings at the administrative level and mentioned only those plaintiffs who had "immediately demanded new hearings" post-*Lucia*. (D.I. 22 at 2, 5–6, 6. n.1)  The Commissioner notes and the court agrees that *Cirko* did not address the issue of forfeiture in a subsequent challenge in federal court.  The Commissioner's argument is non-dispositive, however, because the court's decision to excuse Frampton's forfeiture is based on general principles of forfeiture.  *See Grant II*, 2020 WL 1531664, at *2 (relying "on general forfeiture rules rather than concluding [that] *Cirko* mandate[d]" remand because "*Cirko* does not directly address the forfeiture issue" that was raised).  Moreover, *Cirko* expressly includes plaintiffs like Frampton as being within the scope of the decision because her case was pending in federal district court when the Third Circuit issued its decision.  *See Cirko*, 948 F.3d at 159 ("The effect of our decision today, then, is limited to the hundreds (not hundreds of thousands) of claimants whose cases are already pending in the district courts.").

8

## IV. CONCLUSION

For the foregoing reasons, this court exercises its discretion to consider Frampton's Appointments Clause challenge, concludes that forfeiture is not a bar to remand, and REMANDS this case to the SSA "for [a] new hearing[] before [a] constitutionally appointed ALJ[] other than [the ALJ] who presided over [Frampton's] first hearing[]." *Cirko*, 948 F.3d at 159–60.[7] An Order consistent with this Memorandum Opinion shall issue.

Dated: March 29, 2021

                                                    Sherry R. Fallon
                                                    United States Magistrate Judge

---

[7] Because the court has found a basis for remand on the issue of the Appointments Clause challenge, the court does not reach Frampton's remaining issues. *See Hoover v. Saul*, 2020 WL 1550663, at *2 (M.D. Pa. Apr. 1, 2020) (internal citations omitted). To the extent that error is alleged, it should be addressed on remand. *Id.*; *Hiben v. Saul*, 2020 WL 2571895, at *3 (W.D. Pa. May 20, 2020) (internal citations omitted).